UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FREDDIE LEWIS,                           )    CASE NO. 4:08 CV 1452
                                         )
       Petitioner,                       )    JUDGE PETER C. ECONOMUS
                                         )
   v.                                    )
                                         )    MEMORANDUM OF OPINION
PHILLIP KERNS,                           )    AND ORDER
                                         )
       Respondent.                       )

On June 16, 2008, petitioner pro se Freddie Lewis, an inmate at the Southern Ohio Correctional Facility, filed above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition and attachments indicate Lewis seeks to challenge his sentence for complicity to aggravated murder and complicity to aggravated robbery, with firearm specifications. For the reasons stated below, the petition is denied and this action is dismissed.

Although Lewis characterizes the instant action as arising under 28 U.S.C. § 2241, it is effectively a 28 U.S.C. § 2254 petition. Greene v. Tennessee Department of Corrections, 265 F.3d 369, 371 (6th Cir. 2001); see also, Byrd v. Bagley, No. 02-3189, 37 Fed.Appx. 94, 2002 WL 243400 (6th Cir. Feb. 18, 2002).

A federal court may entertain a habeas petition filed by

a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

As grounds for the petition, Lewis asserts his sentence is unconstitutional. There is no indication on the face of the petition and attachments that this issue has yet to be raised in the Ohio courts. See also, State v. Lewis, No. 03 MA 36, 2005 WL 1300761 (Mahoning Cty. App. May 24, 2005). Thus, without regard to the potential merits of the grounds sought to be raised herein, the petition is premature.[1]

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

S/Peter C. Economus - 7/23/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[1] The court expresses no opinion concerning the merits or timeliness of petitioner's claim, or whether he is barred from raising it based on procedural default.